```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DEBRA REESE,

                                                                                                           04-CV-6117T(Fe)

              Plaintiff,

       v.                                                             **DECISION &**
                                                                                        **ORDER**

UNIVERSITY OF ROCHESTER,

              Defendant.

_____

## INTRODUCTION

Plaintiff Debra Reese ("plaintiff") brings this action pursuant to the American with Disabilities Act of 1990 and the New York Human Rights Law, alleging that her former employer, the University of Rochester ("defendant"), discriminated against her on the basis of a perceived disability. Defendant now moves to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service, arguing that since plaintiff failed to serve defendant in the time allotted by Rule 4(m) of the Federal Rules of Civil Procedure, her claims should be dismissed without prejudice. Plaintiff admits that service upon defendant was untimely, but contends that she has good cause for the delay. For the reasons set forth below, defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff commenced this action by filing a complaint on March 22, 2004, alleging that defendant discriminated against her based on a perceived disability. In May 2004, plaintiff's attorney,

Donna Marianetti, delivered copies of the summons and complaint to a process server for service upon defendant. During the next several weeks, the process server hired by Ms. Marianetti experienced several incidents which prevented him from effecting service upon defendant, including a broken foot and emergency surgery. Ms. Marianetti contacted the process server several times throughout this period, and each time he assured her that he would complete service by July 20, 2004, the date on which plaintiff's 120 day time limit in which to serve defendant would expire. Nonetheless, the process server informed her on July 22, 2004, that he had not effected timely service of process. Defendant was not served with plaintiff's summons and complaint until August 6, 2004; 137 days after the complaint was filed.

## DISCUSSION

Rule 4(m) of he Federal Rules of Civil Procedure requires that a plaintiff must serve a copy of the summons and complaint on all defendants within 120 days of filing the complaint. FED.R.CIV.P. 4(m). Failure to do so may result in dismissal of the action. However, a court may extend a plaintiff's time for service upon a showing of good cause, or where it finds a discretionary extension to be appropriate. FED.R.CIV.P. 4(m); Eastern Refractories Company, Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503 (S.D.N.Y.1999). Here, although plaintiff is unable to establish good cause for her failure to timely serve defendant, I find that she is entitled to a discretionary extension.

"In order to establish good cause for failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." Spinale v. United States, 2005 WL 659150, *3 (S.D.N.Y.2005). Good cause will not be found where, as is the case here, the omission is the product of an attorney's inadvertence, neglect, mistake or misplaced reliance. McGregor v. United States, 933 F.2dd 156, 160 (2d Cir.1991).

Although plaintiff's attorney gave the summons and complaint to the process server well before plaintiff's time to serve was due to expire, as the deadline drew near, she failed to follow up to ensure that they had been served. Indeed, she did not realize that service had not been completed until two days after plaintiff's time for service had expired. Ms. Marianetti's misplaced reliance on the process server is insufficient to demonstrate good cause which would warrant extending plaintiff's time to serve defendant.

Nonetheless, a court may still extend a plaintiff's time for service absent a demonstration of good cause. Sleigh v. Charlex, Inc., 20004 WL 2126742, *5 (S.D.N.Y.2004) (citing Eastern Refractories Company, Inc., 187 F.R.D. at 506). Before so doing, the court should consider whether: (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for

service.  Id.  Based on the facts presently before me, plaintiff is entitled to a discretionary extension.

First, if plaintiff's claims were dismissed, she would be unable to maintain her action because the statute of limitations under the ADA would have run.  That fact alone may constitute cause for a discretionary extension.  See Johnson v. Fleet, 2005 WL 1353611, * 2 (D.Conn.2005).  Second, since plaintiff served defendant a mere 17 days after her time to serve had expired, defendant will suffer little, if any, prejudice as a result of the delay in service.  As such, I find that these factors warrant a discretionary extension of time and hereby deem plaintiff's service of the summons and complaint upon defendant on August 6, 2004, as timely.

## CONCLUSION

For the reasons set forth above, plaintiff is entitled to a discretionary extension of time in which to serve defendant with a copy of the summons and complaint.  Accordingly, plaintiff's service upon defendant on August 6, 2004 is hereby deemed timely and defendant's motion to dismiss is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

   MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          June 20, 2005